CHARLES G. BATES v. GEORGE H. WATSON and Others.

May 22, 1899.

Nos. 11,551—(124).

**Bond—Principal and Sureties—Complaint Good upon Demurrer.**

*Held,* in an action upon a bond against the principal obligor and his sureties, that facts sufficient to constitute a cause of action against the sureties were stated in the complaint.

Action in the district court for Ramsey county to recover $381.71 upon a bond executed by defendant Watson as principal and defendants Newport and Simonton as sureties. From an order, Otis,

J., overruling their demurrer to the complaint, defendant sureties appealed. Affirmed.

*Warner, Richardson & Laurence*, for appellants.

*Peterson & Kolliner*, for respondent.

COLLINS, J.[1]

In the bond on which the action was brought, a copy being made a part of his complaint, it was recited that defendant Watson, the principal obligor, had been appointed agent for the obligee, an insurance company, and as such would receive sums of money as premiums and for payments of losses, etc. The bond, on which the other defendants were sureties, was conditioned, among other things, that Watson should faithfully perform his duties as agent, should promptly pay over all moneys, and at the end of the agency should deliver up and hand over all moneys, books, accounts, and other things belonging to the obligee. The complaint alleged that Watson entered upon his duties as agent, and continued to act as such until on or about November 1, 1897; that he effected and sold a large number of insurance policies, which were issued by the company; that he collected as premiums thereon and therefor the sum of $532.13; that thereafter he earned a credit of $39.48, return premiums on cancelled policies; that, in addition, he earned, as his commissions on the policies, the sum of $110.04; and that there remains in his hands, of the amount collected on account of the company, the sum of $381.71, which sum he retains, although the same has been duly demanded. It was further alleged that payment of this amount of $381.71 had also been demanded of the sureties, and payment refused.

The contention of defendants' counsel is that, under the bond, no cause of action would arise, as against the sureties, except upon Watson's failure to turn over money in his hands at the end of the agency, and that it has not been alleged that the agency has been terminated, or brought to an end. As to this contention, it is enough to say that under the bond Watson was under obligation faithfully to perform his duties, and promptly to pay over to the company all moneys which might come into his hands, and, in

[1] BUCK, J., absent.

addition, to deliver up and hand over all moneys and other property at the end of the agency. It is averred that he had in his hands belonging to the company the sum of $381.71, collected as premiums; that he refused to pay it over when it was duly demanded; and that the sureties had also refused to comply with a demand for payment. If these allegations are true, Watson did not faithfully perform his duties, nor did he promptly, or otherwise, pay over moneys belonging to the insurance company. A cause of action was stated, without regard to whether or not it was shown by the complaint that the agency had ended. There is no merit in the further claim that the complaint is insufficient because it fails to state positively what the terms of the agency were, and we need not discuss it.

Order affirmed.